IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
   *Plaintiff*,

v.

DUSTIN A. DAVIS,
   *Defendant*.

Crim. No. ELH-17-00050

## MEMORANDUM

Dustin Davis, on his own and as supplemented by counsel, has filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 44, ECF 47.[1] I shall refer to ECF 44 and ECF 47 collectively as the "Motion." It is supported by several exhibits. The government opposes the motion. ECF 50. It has also submitted exhibits.

In particular, Davis entered a plea of guilty on September 26, 2017, to the offense of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). ECF 29. The plea was tendered pursuant to a Plea Agreement. ECF 26. In accordance with Fed. R. Crim. P. 11(c)(1)(C), the parties agreed to a sentence of 60 months of incarceration. *Id.* ¶ 9. That corresponds to the congressionally mandated minimum sentence.

Sentencing was held on November 29, 2017. ECF 34. As agreed by the parties, the Court sentenced defendant to 60 months of imprisonment. ECF 35. The Presentence Report (ECF 30) reflects that defendant, born in 1989, has been in custody since January 18, 2017. *Id.* at 1, 2.

---

[1] Mr. Davis filed correspondence with the Court (ECF 44) that was construed as a pro se motion for compassionate release. ECF 47. Counsel was subsequently appointed for him and a more fulsome motion was submitted.

As grounds for compassionate release, defendant cites, *inter alia*, his obesity.  ECF 47 at 1.  The government acknowledges that defendant's medical records reflect a BMI greater than 30.  ECF 50 at 14.  Moreover, while incarcerated, the defendant contracted COVID-19.  ECF 47-1.

Defendant had a projected release date of July 22, 2021.  ECF 50-1 at 1.  Records of the Bureau of Prisons ("BOP") indicate that he was scheduled for placement at a halfway house on or about April 22, 2021.  *Id*.

The Court commenced work on the case and noted that defendant's release was imminent.  In addition, in checking records of the BOP, the Court learned that defendant's status reflected that he had escaped from the BOP.

Thereafter, the Court wrote to defense counsel to inquire whether the defendant wished to pursue his compassionate release motion.  *See* ECF 52.  Defense counsel promptly responded (ECF 53) and advised the Court that he has no means to contact Mr. Davis, who currently shows as "Escaped" from BOP custody as of June 27, 2021.

In view of the foregoing, the Court shall deny the motion for compassionate release (ECF 44, ECF 47), without prejudice to the right of the defendant to renew the motion at a later time, if he chooses to do so.

An Order follows.

Date:  January 18, 2022                                                          /s/
                                                            Ellen L. Hollander
                                                            United States District Judge